No 2,198.

MICHAEL CARROLL, APPELLANT, v. THE CITY of BENICIA et al., RESPONDENTS.

FINDINGS.—CONFLICTING EVIDENCES.—The finding of the Court below upon an issue where the evidence is conflicting, will not be disturbed on appeal.

CITY OF BENICIA.—ACT OF CONGRESS TO QUIET LAND TITLES.—PRIOR CONVEYANCE.—In an action to recover the possession of lands, under the Act of Congress of July 23, 1866, to quiet the titles to the lands within the City of Benicia, where it appears that the plaintiff's grantor had executed to the persons under whom defendants claimed a prior quitclaim deed for the same property, and for all the subsequently acquired title of the party of the first part under her deed, the plaintiff cannot recover, notwithstanding the fact that such grantor was in the bona fide occupancy of the premises at the time of the passage of the Act.

PRACTICE.—FAILURE TO STATE OBJECTIONS TO EVIDENCE.—Where the objections to the admission of a deed in evidence are not stated, or the party has failed to specify as one of the grounds of his motion for a new trial, the ruling of the Court in admitting the deed, in evidence, there is nothing presented on which the action of the Court in that respect can be reviewed.

IDEM.—EXCEPTIONS TO FINDINGS.—Exceptions to findings provided for, by Section 180 of the Practice Act, relate not to errors, but only to defects in the findings.

APPEAL from the District Court of the Seventh District, Solano County.

This was a proceeding de novo brought in accordance with the provisions of Section 6, of the Act of the Legislature, passed February 20, 1866, "to settle the title to lands in the town and City of Benicia," for the purpose of reviewing the action of the Trustees of that City, in rejecting the claim of plaintiff to certain lands in said city, which he claimed under and by virtue of the provisions of the Act of Congress of July 23, 1866.

The action seems to have been abandoned either by stipulation or the acts and admissions on the part of plaintiff, as to all the lands described in the complaint, except a tract of thirty-five acres, claimed by plaintiff under a deed from a Mrs. E. Gars, dated September 21, 1866, and which land had been duly awarded by the Trustees to the Benicia Cement Company.

Prior to 1859, Mrs. Gars purchased the land for Baudry and Russell, with money furnished by them for that purpose, and in that year conveyed the land to Baudry and Russell, from whom the Benicia Cement Company derive title.

It apppears that Mrs. Gars continued to reside on the land nearly all the time from 1859 up to the time of her sale to the plaintiff, in September, 1866, and that she was residing on the premises at the date of the Act of Congress, of July 23, 1866; that the house in which she lived was situated on a lot of 120 by 125 feet, which she used and cultivated as a garden, and which was separated from the rest of the tract by an enclosure.

The main question in the case was, whether Mrs. Gars' occupation was confined to the garden lot around her house, or extended to the whole thirty-five acres, purchased by her and conveyed to Baudry and Russell in 1859. Upon this question the evidence was conflicting, and the Court found that she had no *bona fide* occupancy of the whole tract at the date of the passage of the Act of Congress of July 23, 1866, and that her occupancy subsequent to her conveyance to Baudry and Russell was barely permissive and in subordination to them and their grantees. Thereupon the Court rendered judgment for defendants. Plaintiff moved for a new trial, which was denied; and from the order denying the motion and from the judgment, plaintiff appealed.

The other facts are stated in the opinion.

*Sharp & Lloyd* and *Thomas P. Ryan,* for Appellant.

*First*—The question here is as to the effect of the quitclaim deed which Mrs. Gars executed to Baudry and Russell in 1859, and which contained no covenant of warranty. She had no title to the land at that time. Did she relinquish to them any advantage which might result to her from a subsequently acquired title? To give the deed its whole effect, it was only a quitclaim of the interest she *then* had. All parties here claim from the Government, and claim as *cestuis que trusts* under the trust grant of the Government to

Benicia. It is conceded, that in 1859 the title was in the Government. The quitclaim deed, therefore, conveyed no right, nor did it act as an estoppel. (14 Johnson R. 194; 3 Id. 366; *Franklin* v. *Dorland,* 28 Cal. 175.)

*Second*—Even if Mrs. Gars' quitclaim had any effect, it will be borne in mind that it was executed in 1859, and for more than five years after that she held continuous adverse possession of the premises, and therefore under the decision of *Franklin* v. *Dorland,* (28 Cal. 175), it was, after the lapse of those five years, inoperative against her.

*L. B. Mizner,* for Respondents.

*First*—When there is a conflict of evidence on the point at issue, or even any evidence to sustain the findings and decree, this Court will not interfere; this point being settled by an unbroken line of decisions running through each and every volume of the California Reports. *(Lick* v. *Madden,* 36 Cal. 208; *Kimball* v. *Gearhart,* 12 Id. 28.)

*Second*—Appellant is estopped by deed from claiming the land under Mrs. Gars, as she had sold it to Baudry and Russell, together with "all her subsequently acquired title," long before her pretended deed to Carroll. This is stronger than the covenant of non-claim held good in *Gee* v. *Moore,* (14 Cal. 473), and in *Clark* v. *Baker,* (Id. 613.)

The deed in question has a covenant of warranty, to-wit: it conveys not any particular "estate," but all her subsequently acquired title.

*Third*—But admitting that the deed does not alone work an-estoppel, there is no doubt that it can be used as matter of estoppel *in pais.* "Admissions in deeds are evidence against parties and privies, and entitled to great weight." (Greeleaf, sec. 189.) The execution and record of the deed is matter of estoppel *in pais*—a fact that can be used against her. (2 Parsons on Contracts, 340, g. Title, "Estoppel *in pais.*")

*Fourth*—But whether appellant is estopped by deed or *in pais,* or in either manner, respondents were in the actual *bona fide* occupancy of the land in question at the time of the passage of the Act of Congress.

The case of *Franklin* v. *Dorland*, (28 Cal. 175), cited by appellant, is not applicable to the case at bar, as there one of the parties was a stranger to the deed; here, Carroll is a privy, taking a subsequent deed from our grantor, Mrs. Gars, and relying on her possession thus acquired for his whole title, with full knowledge that she had sold the same land to respondents long before; all of which appeared of record.   In the case at bar there is a covenant of warranty, to-wit: "all her subsequently acquired title," while in the case cited there was none.   In that case it did not appear that the *recitals* and descriptions in the deed were inserted with a view to influence others in the conduct of their affairs, or that others were influenced; in the case at bar it does so appear.   In that case the findings were against the evidence, five witnesses testifying against a mere description in a mortgage; here a large preponderance of the testimony is in favor of the respondents.   In that case, the grantor (who was not the owner), was subsequently put in possession of the lot as the agent of the real owner; here whatever title Mrs. Gars had, she sold to us, and never was in possession afterwards except by our permission.   There the five year limitation was taken advantage of because it was pleaded, and the point raised in the District Court; in this case, it is not pleaded, nor was the point raised in the Court below.   (*Clarke* v. *Huber*, 25 Cal. 593.)

*Fifth*—A mortgagor of public land is estopped from saying it is public land.   (*Haffly* v. *Maier*, 13 Cal. 31; 31 Id. 455); and why not the same rule as to grantors with warranty?

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., TEMPLE, J., and CROCKETT, J., concurring.

Upon the issue, as to whether the plaintiff's grantor was in the *bona fide* occupancy of the premises in controversy, on the 23d of July, 1866, the date of the passage of the Act of Congress to quiet the title to the lands within the city of Benicia, the evidence is plainly conflicting.   The finding, therefore, upon that issue will not be distrubed.

If the findings were erroneous in that respect, and if at that date Mrs. Gars, the plaintiff's grantor, was in the "*bona fide* occupancy" of the premises, still the plaintiff was not entitled to recover; for the statement shows that prior to that date, Mrs. Gars executed to persons under whom the Benicia Cement Company claims, "'a quitclaim deed for the same property, for all the subsequently acquired title of the party of the first part under her deed." The deed is not set out in the transcript, and we must be governed by this statement of its purport and effect.

The plaintiff insists that the deed should be excluded from consideration, because its admission in evidence was erroneous. The objection is not presented in such a manner, that we can review the action of the Court in that respect. The objections to the admission of the deed were not stated; and had such been the case, the plaintiff has failed to specify, as one of the grounds of his motion for a new trial, the ruling of the Court in admitting the deed in evidence.

To obviate the effect of the deed, the plaintiff claims, that after its execution, Mrs. Gars held the adverse possession of the premises for more than five years. But such adverse possession is not found, nor is it clearly shown by the evidence.

The exceptions filed by the plaintiff to the findings are useless for any purpose whatsover. They are neither exception for the want of a finding, after a request therefor was made; nor for defective findings, which the Court failed to remedy, after the point or issue upon which a finding was required, was specifically designated, as provided for by Section 180 of the Practice Act. The exceptions there provided for relate, as we have often held, not to errors, but only to defects.

Judgment and order affirmed.

SPRAGUE, J., expressed no opinion.